[Civ. No. 4616. First Appellate District, Division Two.—March 4,
1924.]

## LESLIE T. WRIGHT, Respondent, v. MARTIN SERI-MIAN et al., Appellants.

[1] CONTRACTS—ACTION FOR LABOR AND MATERIAL—AGENCY—PLEAD-ING—EVIDENCE.—In this action to recover for labor performed and materials furnished by plaintiff in the reconstruction and repair of a building owned by the defendants, the fact that some of the work was performed by plaintiff under an express agreement made with him and a third person, who was the original con-tractor or superintendent of construction in the employ of plain-tiffs, was immaterial, where the undisputed facts showed that plaintiff, with the knowledge and consent of defendants, per-formed labor and furnished materials upon and for the building of defendants and for which he had been paid nothing, that the judgment rendered in plaintiff's favor represented the reasonable value of the labor and materials, and that the defendants on numerous occasions promised to pay but had not done so.

[2] ID.—QUANTUM MERUIT — PLEADING — VARIANCE. — In such action, the entire transaction having been known to defendants from the beginning, they were not in any way misled or prejudiced by the fact that the complaint proceeded upon a *quantum meruit*, whereas the proof showed an express agreement to pay for a portion of the labor and materials furnished.

(1) 40 Cyc., p. 2835.   (2) 40 Cyc., p. 2842.

APPEAL from a judgment of the Superior Court of Fresno County. C. E. Beaumont, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. K. Bonestell for Appellants.

W. B. Good and Johnston & Jones for Respondent.

NOURSE, J.—Plaintiff sued and recovered judgment for $1,421.20 upon a complaint alleging that at the special instance and request of the defendants he had performed labor and furnished materials in the reconstruction and re-pair of a building owned by the defendants, and that the reasonable value of such labor and materials was the sum for which he recovered judgment. The complaint contains

a great many more words than are necessary, but the essential allegations of employment, performance, reasonable value, and failure to pay are present. The answer denies all these allegations. Upon the trial the defendants admitted the falsity of their denials and the trial court found them to be untrue.

[1] The only excuse for the appeal from the judgment is that some of the work was performed by the respondent under an express agreement made with him and one Stone, who was the original contractor or superintendent of construction in the employ of the appellants. It is pointed out that during the course of the work Stone, owing to some dispute with the appellants, stopped the work and instructed respondent to do the same; that thereafter, upon the urgent request of the appellants and their express promise to pay to him the reasonable value of all the work and materials which he had performed and used under Stone's direction, the respondent continued with the work to its completion. It was shown, however, by the respondent that before he performed any labor on the premises a bid was submitted to the appellants for their approval and that it was only upon their solicitation that he entered upon the work.

Aside from the technicalities of the manner of employment and the authority of Stone—that is as to whether he was an agent of the appellants or an independent contractor—the undisputed facts remain that the respondent, with the knowledge and consent of the appellants, performed labor and furnished materials upon and for the building of the appellants and for which he has been paid nothing; that the judgment represents the reasonable value of the labor and materials; and that the appellants on numerous occasions promised to pay, but that they have not done so. These facts are all conceded upon this appeal.

[2] There is some argument on the part of the appellants that there is a variance between the pleading and proof in that the complaint proceeded upon a *quantum meruit,* whereas the proof showed an express agreement to pay for a portion of the labor and materials furnished. But in this case, where the entire transaction was known by the appellants from the beginning, it is clear that, if there was any variance between the pleading and proof, it was not of

such a nature as to mislead the appellants, and thus if any error occurred it was not prejudicial to them.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.